UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

LINDSEY SHEPARD

Plaintiff                                                                                      Civil Action No. 13-CV-12216

V.

PLAZA RECOVERY

EQUABLE ASCENT FINANCIAL LLC.

NCB MANAGEMENT SERVICES INC.

LUSTIG GLASER AND WILSON

NCO FINANCIAL SYSTEMS, INC.

NORTHERN LEASING SYSTEMS INC.

MIDLAND CREDIT MANAGEMENT

VALENTINE AND KEBARTAS

HOWARD LEE SCHIFF

Defendants

## COMPLAINT

### Parties

1. The Plaintiff is a resident of 15 Beechwood Rd Braintree MA 02184, County of Norfolk, and a citizen of the United States.

2. Defendant Valentine & Kebartas (hereafter Valentine) is a law firm that regularly collects debts with a usually address of 15 Union Street Lawrence Ma 01840.

3. Defendant NCB Management Services (hereafter NCB) is a debt collection agency that regularly collects debts with a usually address of One Allied Drive, Trevose, PA 19053.

4. Defendant Equable Ascent Financial (hereafter Equable) is a debt collection agency that regularly collects debt with a usually address of 1120 W. Lake Cook Road, Suite B, Buffalo Grove, IL, 50089.

5. Defendant NCO Financial System (hereafter NCO) is a debt collection agency that regularly collects debts with a usually place of business of 507 Prudential Road, Horsham, PA, 19044.

6. Defendant Howard Lee Schiff, P.C (hereafter Howard) is a law firm that regularly collects debts with a usually address of P.O Box 280245 East Hartford, Ct, 06128.

7. Lustig Glaser and Wilson P.C (hereafter Lustig) is a law firm that regularly collects debts with a usual address of business of 140 Kendrick Street, Building C east 3rd floor Needham, MA 02492.

8. Defendant Midland Credit Management (hereafter Midland) is a debt collection agency with a usually address of 8875 Aero drive, suite 200, San Diego, CA 92123.

9. Defendant Plaza Associates (hereafter Plaza) is a debt collection agency with a usual address of 370 Seventh Ave Suite 1200 New York, NY 10001

10. Defendant Northern Leasing Systems Inc. (hereafter Northern) is an equipment finance company with a usual address of 132 West 31st Street 14th Floor New York, New York 10001

**Jurisdiction**

11. This court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1332.

12. The occurrences which give rise to this action occurred in Massachusetts and Plaintiff resides in Massachusetts and all defendants transact business in Massachusetts.

**Facts**

13. All condition precedence to the bringing of this action has been performed.

14. This is an action for money damages for violations of the Telephone Consumer Practices Act (hereafter TCPA), Massachusetts Unfair & Deceptive Trade Practices Act MGL 93a, Massachusetts Debt Collection Regulation Act 940 CMR 7.00, Fair Credit Reporting Act. (hereafter FCRA).

15. Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and discovered entries by defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard that she has never authorized to be in her consumer credit report.

16. Plaintiff determined that her consumer credit report had been obtained on various occasions by entities she did not recognize and without her consent.

17. Plaintiff tried to mitigate and save judicial resources by sending Defendants, Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard a Notice of Pending Lawsuit, MGL 93a Demand letters and or Debt Validation letters.

18. Defendant Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard failed to properly validate the alleged debt.

19. Plaintiff has never had any agreement with the Defendant Plaza, Equable, NCB, Lustig, NCO, Midland, Valentine and Howard continued attempts to collect any amount not authorized by an

agreement creating a debt.

20. Plaintiff has never applied for an "account" with Defendants Plaza, Equable, NCB, Lustig, NCO, Midland, Valentine and Howard nor has Plaintiff had any "account" with Defendant Plaza, Equable, NCB, Lustig, NCO, Midland, Valentine & Howard

21. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard all pulled Plaintiff Consumer Credit Report without a permissible purpose.

22. Defendant Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard pulled Plaintiffs credit report without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00.

23. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard violated the TCPA by leaving up to 40 recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cell phone.

24. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard violated the TCPA by calling Plaintiffs cell phone up to 40 times with no prior permission given by Plaintiff.

25. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard violated the TCPA by leaving recorded messages on Plaintiffs cell phone without express permission.

26. Defendant Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard also called Plaintiff home phone using an automatic dialer capable of storing numbers without express consent from Plaintiff.

27. Defendant Plaza, Equable, NCB, Lustig, NCO, Midland, Valentine & Howard do not have, and has never had an established business relationship with Plaintiff.

28. Plaintiff intends to propound discovery on Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard to receive all defendants phone records regarding calling Plaintiffs cell phone.

29. Defendant Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard violated the FCRA. By violating the FCRA the defendants automatically violated the MGL 93a and Massachusetts Debt Collection Regulation Act 940 CMR 7.00.

30. Plaintiff's intents to propound discovery on all Defendants to get all the phone records and other information needed to prove her case.

31. Defendants Northern has pulled plaintiffs credit report over 7 times since 2010 and has caused plaintiffs credit report score to go down.

32. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard pulled Plaintiff Credit report claiming that they had a permissible purpose under 15 USC 1681b, Permissible purposes of consumer reports, **Collection of an account**, this is far from the truth.

33. Plaintiff has read permissible purpose and came to the conclusion that the word **account** is not a credit card at all, it is exactly what > § 1693a Definitions says it is a **demand deposit, savings deposit, or other asset account (Stocks & Bonds), this is the meaning of Bank account & stocks and bonds, not an open ended account which is a credit card.**

34. Defendants have for years claimed that they had a permissible purpose because they were collecting on an account and 1693a clearly states what an account is and what it is not, an account

is a bank account and a credit card is a credit plan period.

35. 15 USC 1681b **Permissible purposes of consumer reports** states:

(a) **In general** Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other: (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury. (2) In accordance with the written instructions of the consumer to whom it relates. (3) To a person which it has reason to believe—(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of, the consumer; or**

36. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard are misplaced regarding the definition of an **account** here (2) the term "**account**" means a **demand deposit, savings deposit, or other asset account (other than** an occasional or incidental credit balance in an open end credit plan as defined in section 1602 (i) [1] of this title), So lets see what 1602 (i) has to say about defining an open end credit plan **here it is** 15 U.S.C 1602(i) The terms "open end credit plan" and "open end consumer credit plan" mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. A credit plan or open end consumer credit plan which is an open end credit plan or open end consumer credit plan within the meaning of the preceding sentence is an open end credit plan or open end consumer credit plan even if credit information is

verified from time to time. as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term **does not** include an account held by a financial institution pursuant to a bona fide trust agreement; Plaintiff state **"This clearly defines a Credit Card and Home equity loans"** .

37. Plaintiff has suffered mere injury to her reputation and creditworthiness caused by the inquiries appearing on her credit report and Plaintiff has suffered emotional and mental distress, loss of sleep, and humiliation due to having inquires and getting denied over a negative credit rating and the stigma accompanying.

38. Plaintiff has suffered damage to her credit reputation and emotional distress Plaintiff has been damage and seeks relief through the courts.

39. Plaintiff has suffered credit denials and lost of credit opportunities, Plaintiff has proof of payment of elevated interest rates, and excessive points and other fees that Plaintiff had to pay and is paying due to lowered credit rating from these inquiries.

40. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard have reported false information about Plaintiff on her credit report, including Equifax, Experian, and Trans Union, and or Innovis, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

41. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

42. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

43. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard have repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

44. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard obtained Plaintiff's credit report from Trans Union, thereby reducing her credit score. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

45. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard have repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

46. Plaintiff sent dispute letters to defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard regarding inaccuracies on her credit report reported by Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard. The details of Plaintiff's disputes are outlined in those letters.

47. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard violated the Telephone Consumer Practices Act (TCPA) when they called plaintiff's cell phone (401-219-6912) using an automatic dialing system that has the capability to store numbers.

48. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard have violated the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5), and Defendants have violated the Massachusetts

Unfair & Deceptive Trade Practices Act (MGL 93a) & Massachusetts Debt Collection Regulation Act 940 CMR 7.00. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

49. The communications in question here are all related to the collection of a consumer debt.

50. Plaintiff has never given Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard express permission to call Plaintiff's cellular phone or house phone.

51. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard continue to attempt, enforce and collect a non-existent debt.

52. Defendant Northern pulled plaintiff credit report on several occasions since 2010. Plaintiff only gave them permission to pull her consumer credit report one time.

## COUNT 1

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANT PLAZA, EQUABLE, NCB, LUSTIG, NCO, NORTHERN, MIDLAND, VALENTINE AND HOWARD

53. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

54. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

55. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

56. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

57. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally; if the consumer

makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

58. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendants Plaza, Equable, NCB, Lustig, NCO, Midland, Valentine and Howard.

59. Plaintiff had an account with Northern but only authorized Northern to pull credit report one time.

60. At no time did Plaintiff give her consent for Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard to acquire her consumer credit report from any credit reporting agency.

61. Defendant Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard obtained Plaintiffs consumer credit report with no permissible purpose in violation of the FCRA, 15 U.S.C § 1681b.

62. The actions of Defendant Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard in obtaining the consumer credit report of the Plaintiff with no permissible purpose, or Plaintiffs consent, was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiffs right to privacy.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants, Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard for statutory damages of $1000.00, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

### COUNT II

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 BY DEFENDANTS PLAZA, EQUABLE, NCB, LUSTIG, NCO, NORTHERN, MIDLAND, VALENTINE AND HOWARD**

63. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

64. On February 28, 2011 Defendant Plaza obtained plaintiffs consumer credit report with no permissible purpose in violation of the FCRA, 15 U.S.C § 1681b.

65. On May 10, 2011, June 21, 2010 ,November 1and 21,2011, September 01,17, 21, 2011, February 24, 2011 defendant Northern obtained the Trans Union consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C § 1681b.

66. On May 3, 2011 Defendant NCB obtained the Trans Union consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C § 1681b.

67. On July 6, 2010 Defendant Valentine obtained plaintiff consumer credit report with no permissible purpose in violation of the FCRA, 15 U.S.C § 1681b.

68. On June 7, 2012 Defendant Midland obtained plaintiffs consumer credit report with no permissible purpose in violation of the FCRA, 15 U.S.C § 1681b.

69. On August 9, 2010 and March 2, 2012 Defendant NCO obtained plaintiff consumer credit report with no permissible purpose in violation of the FCRA, 15 U.S.C § 1681b.

70. On October 28, 2010, Defendant Equable obtained plaintiff consumer credit report with no permissible purpose in violation of the FCRA, 15 U.S.C § 1681b.

71. On September 24, 2010, Defendant Lustig obtained plaintiff consumer credit report with no

permissible purpose in violation of the FCRA, 15 U.S.C § 1681b.

72. Defendant Howard pulled plaintiffs credit report with no permissible purpose in violation of the FCRA, 15 U.S.C § 1681b.

73. The actions of Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard in obtaining the Trans Union consumer credit report of the Plaintiff with no permissible purpose or Plaintiffs consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiffs right to privacy.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants, Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard for statutory damages of $1000.00, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT III

## VIOLATIONS OF THE TELEPHONE COMMUNICATION ACT 47 U.S.C §227 BY DEFENDANTS PLAZA, EQUABLE, NORTHERN, NCB, LUSTIG, NCO, NORTHERN, MIDLAND, VALENTINE & HOWARD

74. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

75. On information and belief, Defendant s Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard used an automatic telephone dialing system as defined by 47 USC § 227 (a)(1) when it made each and every call to Plaintiffs cell & wireless numbers for which the called party is charged in the last four years.

76. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard did not have Plaintiff's prior express permission prior to contacting Plaintiff on her wireless number

using an automatic telephone dialing system.

77. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard made the calls to Plaintiff willfully.

78. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard made the calls to Plaintiff knowingly.

79. Defendant's Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard acts in making the calls to Plaintiff were not accidental.

80. Plaintiff's privacy has been invaded as a result of Defendant's Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard acts.

81. Plaintiff request damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly by defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard.

82. Plaintiff request damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of $1,500 for each such act that this Court finds were made willfully or were made knowingly; and such other relief as the Court may deem just and proper by defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard.

**WHEREFORE**, Plaintiff demands judgment for damages against defendants Plaza, Equable. NCB, Lustig, NCO, Northern, Midland, Valentine and Howard for Actual and or Statutory damages, and attorney's fees and costs.

**COUNT IV**

## VIOLATIONS OF THE MASSACHUSETTE DEBT COLLECTION REGULATIONS ACT 940 CMR 7.00, BY DEFENDANT DEFENDANTS PLAZA, EQUABLE, NORTHERN, NCB, LUSTIG, NCO, MIDLAND, VALENTINE AND HOWARD

83. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

84. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard called plaintiffs telephone number, defendants knew or should have known that the phone calls made were inconvenient to the consumer, and that such communication are prohibited by 15 U.S.C 1692c (a)(1). Plaintiff demands $500.00 per each cause of action.

85. Defendants Plaza, Equable, NCB, Lustig, NCO, Midland, Valentine and Howard are debt collectors within the meaning of §CMR 7.03

86. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard violated § CMR 7.04 by (d) Communicating by telephone without disclosure of the name of the business or company of the creditor and without disclosure of the first and last name of the individual making such communication or a first name and a personal identifier for such individual such as a code or alias, provided however, that any such individual utilizing a personal identifier shall use only one such personal identifier at all times and provided that a mechanism is established by the creditor to identify the person using such personal identifier;

(e) Causing expense to any debtor in the form of long distance or collect telephone calls, text messaging, download fees, data usage fees, or other similar charges, except the creditor may place non-collect telephone calls to the debtor's place of residence, cellular telephone, or other

telephone number provided by the debtor as his/her personal telephone number, subject to the limitations set forth in Section 7.04(1)(f);

(i) Failing to send the debtor the following notice in writing within 30 days after the first communication to a debtor at her place of employment regarding any debt, provided that a copy of the notice shall be sent every six months thereafter so long as collection activity by the creditor on the debt continues and the debtor has not made a written request as described in 940 CMR 7.04(1)(h):

**WHEREFORE**, Plaintiff demands judgment for damages against Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard for actual and or statutory damages, and punitive damages, attorney's fees and costs.

## COUNT IV

### Violation of MGL c. 93A

### Unfair or Deceptive Acts or Practices in Violation of G. L. c. 93A,§ 2

### BY DEFENDANTS PLAZA, EQUABLE, NORTHERN, NCB, LUSTIG, NCO, MIDLAND, VALENTINE AND HOWARD

87. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

88. Defendant's Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine & Howard refused to send Plaintiff copies of verification and or validation that were sent to them.

89. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard refused to correct their reporting errors of Plaintiffs Credit Report that subjected Plaintiff to denial of credit.

90. Defendants Plaza, Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard violated the TCPA, FCRA & the MDCRA 940 CMR 7.00, which is an automatic violation of the Massachusetts Unfair Trade Practices Act.

91. Defendants Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard refused to stop all calls after Plaintiff sent several requests by mail and verbally informed their call centers.

92. Defendants Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard intentionally called Plaintiff and made Plaintiffs phone ring and required Plaintiff to stop what she was doing and to answer a (ROBO) automatic telephone dialing system and it caused Plaintiff harm and Plaintiff needs relief.

**WHEREFORE**, Plaintiff prays that this honorable Court award her damages from Defendants Equable, NCB, Lustig, NCO, Northern, Midland, Valentine and Howard for the claims set forth herein including litigation fees and costs, sleep and emotional stress, Compensatory, Actual and punitive damages, damages to credit and any other and further relief which is just and proper under the circumstances.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 9th day of September, 2013.

*/s/ Lindsey Shepard*

Lindsey Shepard

15 Beechwood Rd.

Braintree MA, 02184

## VERIFICATION OF COMPLAINT AND CERTIFICATION

### STATE OF MASSACHUSETTS

### Plaintiff, Lindsey Shepard, states as follows:

I am the Plaintiff in this civil proceeding.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this civil complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. I have filed this complaint in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Lindsey Shepard, hereby declare (or certify, verify or state) under

penalty of perjury that the foregoing is true and correct.

*Lindsey Shepard* (signature)
Lindsey Shepard

DATE: September 9, 2013