# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDSEY SHEPARD,<br><br>    Plaintiff,<br><br>v.<br><br>PLAZA RECOVERY, EQUABLE ASCENT FINANCIAL, LLC, NCB MANAGEMENT SERVICES, INC., LUSTIG GLASER AND WILSON, NCO FINANCIAL SYSTEMS, INC., NORTHERN LEASING SYSTEMS, INC., MIDLAND CREDIT MANAGEMENT, VALENTINE and KEBARTAS, HOWARD LEE SCHIFF,<br><br>    Defendants. | CIVIL ACTION NO. 1:13-cv-12216-MBB |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Midland Credit Management, Inc.[1], ("Midland Credit"), hereby responds to the numbered paragraphs of the Complaint as follows:

### Parties

1.  Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.  Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.  Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.  Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

---

[1] Incorrectly identified as Midland Credit Management.

5. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Midland Credit admits that under certain circumstances, it may be considered a debt collector as that term is defined under the Fair Debt Credit Practices Act. Further answering, Midland Credit admits the remaining allegations set forth in paragraph 8 of the Complaint.

9. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

**Jurisdiction**

11. Paragraph 11 states a conclusion of law to which no response is required and is otherwise denied.

12. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

**Facts**

13. Paragraph 13 states a conclusion of law to which no response is required and is otherwise denied.

14. Paragraph 14 purports to describe the Plaintiff's causes of action in the underlying matter, and thus no response is required. To the extent a response is required, Midland Credit denies the allegations contained therein.

15. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint.

19. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint.

21. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint.

22. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint.

23. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint.

24. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint.

25. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint.

26. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint.

27. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint.

28. Paragraph 28 purports to describe the Plaintiff's intentions in the underlying matter, and thus no response is required. To the extent a response is required, Midland Credit denies the allegations contained therein.

29. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint.

30. Paragraph 30 purports to describe the Plaintiff's intentions in the underlying matter, and thus no response is required. To the extent a response is required, Midland Credit denies the allegations contained therein.

31. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Complaint.

33. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Paragraph 35 states a conclusion of law to which no response is required and is otherwise denied.

36. Paragraph 36 states a conclusion of law to which no response is required and is otherwise denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint.

34370758v1 0950958

41. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 41 of the Complaint.

42. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the Complaint.

43. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 43 of the Complaint.

44. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 44 of the Complaint.

45. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 45 of the Complaint.

46. Admitted that Plaintiff sent letters to Midland Credit. Midland Credit states that the letters referenced in paragraph 46 speak for themselves, and Midland Credit denies all allegations inconsistent therewith. Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the Complaint.

47. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint.

34370758v1 0950958

48. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 48 of the Complaint.

49. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 50 of the Complaint.

51. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 51 of the Complaint.

52. Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 52 of the Complaint.

## Count I

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANTS PLAZA, EQUABLE, NCB, LUSTIG, NCO, NORTHERN, MIDLAND, VALENTINE, AND HOWARD**

53. Midland Credit repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

54. Paragraph 54 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

55. Paragraph 55 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

56. Paragraph 56 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

34370758v1 0950958

57. Paragraph 57 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

58. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint.

59. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 61 of the Complaint.

62. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 62 of the Complaint.

## COUNT II

**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 BY DEFENDANTS PLAZA, EQUABLE, NCB, LUSTIG, NCO, NORTHERN, MIDLAND, VALENTINE, AND HOWARD**

63. Midland Credit repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 62 as if fully set forth herein.

64. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

34370758v1 0950958

65. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68. Denied.

69. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73. Denied with respect to Midland Credit.  Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 73 of the Complaint.

## COUNT III

**VIOLATION OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT 47 U.S.C. § 227 BY DEFENDANTS PLAZA, EQUABLE, NCB, LUSTIG, NCO, NORTHERN, MIDLAND, VALENTINE, AND HOWARD**

74. Midland Credit repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 73 as if fully set forth herein.

34370758v1 0950958

75. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 75 of the Complaint.

76. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 77 of the Complaint.

78. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 78 of the Complaint.

79. Midland Credit is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 80 of the Complaint.

81. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 81 of the Complaint.

82. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 82 of the Complaint.

**COUNT IV**

**VIOLATION OF THE MASSACHUSETTS DEBT COLLECTION REGULATIONS ACT 940 C.M.R. 7.00, BY DEFENDANTS PLAZA, EQUABLE, NCB, LUSTIG, NCO, NORTHERN, MIDLAND, VALENTINE, AND HOWARD**

83. Midland Credit repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 82 as if fully set forth herein.

84. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 84 of the Complaint.

85. Paragraph 85 states a conclusion of law to which no response is required and is otherwise denied.

86. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 86 of the Complaint.

## COUNT V[2]

**VIOLATION OF M.G.L. C. 93A BY DEFENDANTS NCO, ACTION, CAPITAL, HOLLIS, HSBC, GARY, JEFFERSON, MIDLAND, LUSTIG, FREDERICK, BILL ME LATER AND EBAY**

87. Midland Credit repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 86 as if fully set forth herein.

88. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 88 of the Complaint.

---

[2] Plaintiff improperly identifies this as Count IV.

89. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 89 of the Complaint.

90. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 90 of the Complaint.

91. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 91 of the Complaint.

92. Denied with respect to Midland Credit. Further answering, Midland Credit is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 92 of the Complaint.

## AFFIRMATIVE DEFENSES

Upon information and belief and subject to further investigation and discovery, Midland Credit alleges the following defenses without assuming the burden of proof where such burden is otherwise on the Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction of over the TCPA claims asserted by the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is an unintentional recipient of the alleged calls, and is therefore not a "called party" for purposes of the TCPA. Accordingly, Plaintiff lacks standing to assert the underlying claim.

34370758v1 0950958

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's TCPA claims can only be brought in state court.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate her damages and her claims herein should be barred or any recovery reduced in proportion to Plaintiff's said failure to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff consented to receive any alleged prerecorded message calls and auto-dialed calls on her cell phone by providing her cell phone number to the creditor.

### EIGHTH AFFIRMATIVE DEFENSE

Midland Credit's telephone system is not an automatic telephone dialing system under 47 U.S.C. § 227(a) because the telephone system does not use a random or sequential number generator to store or produce or dial telephone numbers.  Moreover, Midland Credit's system entails human intervention.

### NINTH AFFIRMATIVE DEFENSE

Midland Credit states that if it violated the TCPA, which it denies, Midland Credit had established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA.

34370758v1 0950958

### **TENTH AFFIRMATIVE DEFENSE**

Plaintiff has an established business relationship with Midland Credit such that her claims under the TCPA are barred.

### **ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred by the doctrine of waiver, laches, ratification, unclean hands, and estoppel.

### **TWELFTH AFFIRMATIVE DEFENSE**

Midland Credit states that if it violated the Fair Debt Collection Practices Act, which it denies, the violation occurred as a result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

Midland Credit reserves the right to supplement these affirmative defenses as discovery proceeds.

Midland Credit reserves the right to supplement these affirmative defenses as discovery proceeds. Midland Credit further reserves the rights to seek costs and attorney's fees pursuant to *15 U.S.C. §§ 1692k(a)(3)* in the event the Court deems Plaintiff's action was brought in bad faith and for the purpose of harassing Midland Credit.

34370758v1 0950958

                                    MIDLAND CREDIT MANAGEMENT, INC.
                                    By Its Attorneys

                                    */s/ Andrew M. Schneiderman*
                                    Ranen S. Schechner, BBO #655641
                                    Andrew M. Schneiderman, BBO #666252
                                    HINSHAW & CULBERTSON LLP
                                    28 State Street, 24th Floor
                                    Boston, MA 02109
                                    617-213-7000
                                    617-213-7001  (facsimile)

Dated:      October 9, 2013

## CERTIFICATE OF SERVICE

     I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                    */s/ Andrew M. Schneiderman*
                                    Andrew M. Schneiderman