UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Lindsey Shepard | ) | CIVIL ACTION NO. 1:13-CV-12216-MBB |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Plaza Recovery, et al. | ) | |
| Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF SCHIFF LAW OFFICES' MOTION ON THE
PLEADINGS PURSUANT TO THE
PROVISIONS OF FED. R. CIV. P. 12(c) and MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.
12(b)(6)  AS TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, LAW OFFICES HOWARD LEE SCHIFF, P.C., (hereinafter "Schiff Law Offices") hereby

moves this Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and in the alternative

moves to dismiss under Rule 12(b)(6) the Plaintiff, Lindsey Shepard's (hereinafter "Ms. Shepard")

complaint [Doc 1], on the grounds that there are no viable causes of action against Schiff Law Offices.

I.      Introduction

Ms. Shepard brought this action alleging numerous violations of  Fair Credit Reporting Act, 15

U.S.C. § 1681 *et seq.* [hereinafter "FCRA"] ; Telephone Communication Act, 47 U.S.C. § 227 [hereinafter

"TCPA"], 940 CMR 7.00 and M.G.L. c. 93A. [hereinafter "G.L. c. 93A"], against Schiff Law Offices.    Schiff

Law Offices now moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure and in the alternative to dismiss the action under Rule 12(b)(6) for failure to state a claim.

II.     Burden of Proof and Standard of Review

A.      Rule 12(c)

Pursuant to Rule 12(c), a party may move for judgment on the pleadings.  "A motion for judgment

on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." See Perez-Acevedo v. Rivero-

Cubano, 520 F.3d 26, 29 (1st Cir. 2008)(citing Curran v. Cousins, 509 F.3d 36, 43-44 (1st Cir. 2007))  When

considering a motion under Rule 12(c), a court must view the facts in the pleadings and reasonable

inferences there from in the light most favorable to the nonmovant. <u>Perez-Acevedo.</u> 520 F.3d at 29 (citation omitted).  In reviewing the motion, the Court may also "consider 'documents the authenticity of which are not disputed by the parties;. . .documents central to plaintiff's claim; [and] documents sufficiently referred to in the complaint."  <u>Curran</u>, 509 F.3d at 44 (quoting <u>Watterson v. Page</u>, 987 F.2d 1,3 (1st Cir. 1993)),  In order to survive a Rule 12(c) motion, "a complaint must contain factual allegations that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true…" <u>Perez-Acevedo</u>, 530 F.3d at (quoting <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 555 (2007)).  "[A]n adequate complaint must provide fair notice to the defendant and state a factually plausible legal claim." <u>Ocasio-Henrandez-Fortuno-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).

      B. Rule 12(b)(6)

      In the alternative, a motion to dismiss for failure to state a claim upon which relief may be granted under rule 12(b)(6), requires "accepting as true all well-pleaded facts in the complaint and drawing all reasonable inferences in the plaintiff's favor."  <u>Sutliffe v. Epping Sch. Dist.,</u> 584 F.3d 314, 325 (1 Cir., 2009). A party's Rule 12(b)(6) motion to dismiss challenges the ability of an opponent's complaint to state a claim. The Supreme Court adopted the view that the complaint must allege facts that "raise a right to relief above the speculative level."  <u>Twombly</u> at 555.  A court does not have to accept as true allegations in a complaint legal conclusions.  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1950  (2009).  "Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." <u>Santana-Castro v. Toledo-Davila,</u> 579 F.3d 109, 113-14 (1st Cir 2009)(citing <u>Trans-Spec Trick Serv., Inc. v. Caterpillar, Inc.</u> 524 F. 3d 315, 320 (1 Cir. 2008)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact." See <u>Iqbal.</u>  Plausibility "is not akin to probability requirement, but [requires] more than a sheer possibility…"

Id.  Thus, '[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'" Id.   The inquiry is usually limited to the facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice, In re Colonial Mortg. Bankers Corp. 324 F.3d 12, 15 (1st Cir. 2003) but the Court may also consider other documents the authenticity of which are not disputed by the parties, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint,  Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993)

Federal Rule of Civil Procedure 10(c) provides, in pertinent part, that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." That rule permits courts to consider exhibits attached to complaints in addition to the allegations of the complaint itself when ruling on motions. See, e.g., In re Lane, 937 F.2d 694 (1st Cir.1991) (motion to dismiss).   As such, for the purpose of these motions, the Court should and can consider the documents referenced in Shepard's complaint and referenced in Schiff Law Offices Memorandum.

## III.  Factual Background

1.      Schiff Law Offices, located in East Hartford, Connecticut, is a firm that specializes in creditor's rights litigation.  The firm devotes substantial time, efforts and resources to compliance issues regarding federal and state consumer protection laws.

2.      Schiff Law Offices was retained by Defendant Midland Funding, LLC [hereinafter "Midland" or "client"]  to recover a balance due and owed by Ms. Shepard on a credit account, which was originally issued by HSBC and later acquired through assignment by Midland Funding, LLC.

3.      In accordance with 15 U.S.C. § 1692g(a) and 940 CMR 7.00 et seq. Schiff Law Offices on or around August 3, 2011, sent Ms. Shepard a validation notice.  See Exhibit A appended hereto.  The letter was addressed to Ms. Shepard's last known address at 572 Park Street, Stoughton, MA 02072, which is

the same address that Ms. Shepard provided to the court when filing her motion to remove default under

state court action, _Citibank (South Dakota) N.A v. Lindsey Shepard,_ Stoughton District Court, Civil Action

No: 1055CV1095 and Supplementary Process No: 1155SP000105. [See Doc 9-6].  This document is dated

August 1, 2012.

4.      Under 15 USC § 1692g(b) and 940 CMR 7.00 et seq. Ms. Shepard had thirty days to dispute the

Account.  Schiff Law Offices has no record of ever receiving within the thirty day period any notice from Ms.

Shepard disputing the Account.  On or around June 12, 2012, Schiff Law Offices received from its client a

letter dated May 8, 2012, which was authored by Ms. Shepard, addressed and mailed to Midland Funding,

LLC.  [See Exhibit B].

5.      Despite the expiration of the validation period, Schiff Law Offices treated this letter as a request for

validation and on or around June 13, 2012, sent Ms. Shepard validation of the Account. [See Exhibit C].  In

response to this letter, Ms. Shepard in a letter dated June 20, 2012 again requested validation of the debt.

[See Exhibit D].

6.      The return address for the June 20th and May 8th letters was 572 Park Street, Stoughton, MA

02072, which is the same address Schiff Law Offices used when sending out its August 3, 2011 Demand

[See Exhibits A, B and D].

7.      Since the validation period had expired and Schiff Law Offices already validated the debt, Schiff

Law Offices did not respond to this letter.   On or around November 5, 2012, Ms. Shepard sent an

additional letter addressed to Schiff Law Offices requesting validation of the debt. [See Exhibit E]

8.      Schiff Law Offices did respond to this letter and on or around November 12, 2012 provide Ms.

Shepard with additional information in support of the Account. [See Exhibit F].  In response to this letter,

Ms. Shepard sent another letter dated December 8, 2012 requesting validation of the debt.  [See Exhibit G]

4

Since there was no requirement under state or federal for Schiff Law Offices to respond to the December 8th letter, it chose not to.   This letter does not comport with the statutory requirements regarding a proper demand made pursuant to  G.L. c. 93A § 9(3) which is a prerequisite for filing a claim under this statute.

## IV.     Procedural History

Ms. Shepard filed a complaint on September 9, 2013 alleging that Schiff Law Offices along with eight (8) other Defendants allegedly violated  the following consumer protection laws:

COUNT I and COUNT II:  Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* [hereinafter "FCRA"] alleging that Schiff Law Offices pulled her credit report without a permissible purpose;  [See Doc. 1 at 9-12 ¶ ¶ 53-73]

COUNT III:  Telephone Communication Act, 47 U.S.C. § 227 [hereinafter "TCPA"] alleging that Schiff Law Offices allegedly made calls to her cellular, wireless, home and business telephone numbers, without permission, for the purpose of debt collection. [See Doc 1. at 12-13 ¶ ¶ 74-82]

COUNT IV: 940 CMR 7.00 alleging that Schiff Law Offices failed to provide the required information to the her on the telephone, by causing charges and fees to be assessed to her as a result of telephone communications allegedly made by Schiff Law Offices; for Schiff Law Offices written notice to her after allegedly contacting her place of employment, [See Doc 1 at 13-15 ¶¶ 83-86]

COUNT V:  M.G.L. c. 93A. [hereinafter "G.L. c. 93A"] alleging that COUNTS I-IV are automatic violation of G.L. c. 93A  [See Doc 1 at 15-16 ¶¶ 87-92]

## V.     Argument

**Argument regarding Counts I and II Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* [hereinafter "FCRA"] alleging that Schiff Law Offices pulled her credit report without a permissible purpose**

Ms. Shepard in both Counts I and II of her complaint alleges that Schiff Law Offices pulled her

credit report without a permissible purpose in violation of the FCRA.  The FCRA is a United

States federal law (codified at 15 U.S.C. § 1681 et seq.) that regulates the collection, dissemination, and

use of consumer information, including consumer credit information.   Unlike the allegations pertaining to

the other eight Defendants, Ms. Shepard's complaint against Schiff Law Offices lacks "factual content that

allows the court to draw a reasonable inference that Schiff Law Offices is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678.   Ms. Shepard provides no explanation, beyond a single conclusory allegation, of

Schiff Law Offices action and how they violate the FCRA.     Unlike, the other eight Defendants, Ms.

Shepard fails to provide a date that Schiff Law Offices allegedly pulled her credit report for an impermissible

purpose.  [See Doc 1, ¶ ¶  64-71 and 72 [which pertains specifically to Schiff Law Offices].   As such, Schiff

Law Offices without knowing the alleged date that it allegedly pulled her credit report,  does not have the

opportunity to assert that this claim is barred by the statute of limitations, like Defendant Lustig, Glaser and

Wilson [LGW] did in their motion to dismiss [See Doc 9-1 at 5 & 6, ¶  18]  Notwithstanding the same, even if

Ms. Shepard's claim is not barred by the statute of limitations her claims must fail.

   FCRA, 15 USC § 1681b(a)(3)(a), expressly permits the pulling of a consumer's credit report for the

purpose of debt collection.  Schiff Law Offices adopts and incorporates as if fully stated here, LGW's

argument found in Doc 9-1 at 6-7 ¶ ¶  20-22 regarding Ms. Shepard's definition of "account" as it is defined

in the FCRA and its applicability to debt collectors.  Schiff Law Offices, agrees with LGW that the Courts

disagree with Ms. Shepard's interpretation and relies upon the cases referenced by LGW as set forth here:

> "In a recent decision on this very issue out of the Federal Court in Pennsylvania, the Court
> held that the definition of "account" found in §1681m(d)(4)(e)(1)(A), when read within the
> broader context of the statute, included credit card accounts.  Accordingly, the court found
> that the defendant has a permissible purpose in obtaining her credit report and, therefore
> did not violate the FCRA.  See Fritz v. Capital Management Services, LP, No.2:12-cv-1725, 2013
> WL 4648370 (W.D.Pa. Aug. 29, 2013.  Other Court, including the Massachusetts Federal District
> Court, have also remained consistent in their rulings on permissible purpose under these facts.
> See Judge Stearns decision in the matter of Barry Shannon v. Citibank, et al. No. 1:11-CV011754
> (USDC, D.Mass 11/04/2011) and a more recent decision by Judge Middlebrooks out of the Florida
> Federal District Court in the matter of  Little v. Asset Acceptance, Case No. 9:12-cv-81116

(S.D.Fla)." [Doc 9-1 at 6 & 7, ¶ 21].

There is no dispute that Schiff Law Offices is a law firm that specializes in the practice of debt collection and was retained by its client to recover an unpaid credit account.  Additionally, Ms. Shepard in paragraph 6 of her complaint acknowledges that Schiff Law Offices is a "law firm that regularly collects debts." [Doc 1. at 2, ¶  6].  Since any action taken by Schiff Law Offices is permitted by statute, Ms. Shepard's claims must be dismissed under the same statute.

> Argument regarding Count III Telephone Communication Act, 47 U.S.C. § 227 [hereinafter "TCPA"] alleging that Schiff Law Offices allegedly made calls to her cellular, wireless, home and business telephone numbers, without permission, for the purpose of debt collection

Ms. Shepard in her third claim in conclusive fashion and without identifying which of the nine Defendants made which calls, alleges that the Defendants violated Telephone Communication Act, 47 U.S.C. § 227 [hereinafter "TCPA"] because they allegedly made calls to her cellular, wireless, home and business telephone numbers, without permission, for the purpose of debt collection.  She generically asserts, other than by identifying one telephone number (see Doc 1 at 8, ¶ 47)  that there were over 40 calls made to her cellular, wireless, home or business number during a four year period. [See Doc 1 at 4, ¶¶ 23-28, at 8 ¶  47, at 9, ¶ 50, at 12, ¶ 75].   Ms. Shepard's complaint against Schiff Law Offices lacks "factual content that allows the court to draw a reasonable inference that Schiff Law Offices is liable for the misconduct alleged." Iqbal at 678. In addition, Schiff Law Offices is unable to determine which of the allegations are directed at them, so that the same claim can properly be investigated.  While Ms. Shepard asserts in paragraph 30, Doc 1 at 5, that "*she intends to propound discovery on all Defendants to get all phone records and other information needed to prove her case,*"  the Courts are no longer accepting these formulaic pleadings and arguments.  The tide has turned. More recently the courts have dismissed these formulaic consumer protection claims, relying on the Supreme Court's decisions in Twombly, *550 U.S. 544 (2007) and* Iqbal, 129 S. Ct. 1937 (2009).  Armed with the more exacting analytical framework established by Twombly and Iqbal, district courts across the country

7

have been taking a closer look at these consumer protection complaints that are flooding their courthouses. The Courts appear to be granting motions to dismiss with increasing regularity. Moreover the Courts are clear that discovery is not intended to be a fishing expedition by permitting the speculative pleading of a case at first and then pursing discovery to support it; the plaintiff must have some basis in fact for the action.  See Zuk v. Eastern Pa. Psychiatric Inst. of Med. College of Pa., 103 F. 3d. 294, 299 (3d Cir. 1996).  Additionally, the Courts have found that requests that require the responding party to delve through great numbers of documents is oppressive. Riss & Company v. Association of American Railroads, 23 F.R.D. 211 (D.C. 1959). Ms. Shepard asserts virtually no factual allegations in her complaint, which demonstrates that Schiff Law Offices violated the TCPA and therefore the complaint must be dismissed and judgment must be entered in Schiff Law Offices favor.

Should the Court find that Ms. Shepard has plead sufficient facts, her complaint still fails to state a claim under which relief can be granted.  The TCPA does not apply to a creditor's calls to collect a debt.  The TCPA does not prohibit all calls to residential telephone numbers using pre-recorded messages.  The TCPA applies to unsolicited sales calls and advertising calls.  The FCC has created two regulatory exemptions that are applicable to the debt-collection calls.   First, the FCC exempts from the TCPA's statutory prohibition against prerecorded calls any call "made to any person with whom the caller has an established business relationship at the time the call is made[.]" 47 C.F.R. 64.1200(a)(2)(iv). Second, the FCC exempts any call "made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation[.]" 47 C.F.R. 64.1200(a)(2)(iii). [1]

According to the FCC, "all debt collection circumstances involve a prior or existing business relationship" and therefore represent exempt calls.  Id. at 8771-72  Moreover, the FCC has unequivocally

---

1  The FCC has made clear that these two exemptions "apply where a third party places a debt collection call on behalf of the company holding the debt." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8773, ¶ 39 (July 26, 1995).

stated that "calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing" and "calls regarding debt collection . . . are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559, 565, (Jan. 4, 2008).

There are no allegations here suggesting that the calls complained of in this case were for any purpose other than the collection of the collection of an unpaid credit account.  Any calls allegedly made were within the context of that relationship.  Therefore, any calls made by Schiff Law Offices is exempt and do not constitute violations of the TCPA.  Therefore, there can be no finding that Schiff Law Offices violated the TCPA in this case.

**Argument for COUNT IV: 940 CMR 7.00 alleging that Schiff Law Offices failed to provide the required information to the her on the telephone, by causing charges and fees to be assessed to her as a result of telephone communications allegedly made by Schiff Law Offices; for Schiff Law Offices written notice to her after allegedly contacting her place of employment**

In Count IV, Ms. Shepard appears to be alleging that the Schiff Law Offices failed to provide her proper validation and the required information to the her on the telephone, by causing charges and fees to be assessed to her as a result of telephone communications allegedly made by Schiff Law Offices; for Schiff Law Offices written notice to her after allegedly contacting her place of employment pursuant to Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692c(a)(1) and the Massachusetts equivalent state law 940 CMR 7.00 et seq. [See Doc 1 at 14 ¶ 84]. Again Ms. Shepard generically asserts that the nine Defendants failed to provide her with proper validation and made telephone calls in violation of these statutes.  Ms. Shepard's complaint against Schiff Law Offices lacks "factual content that allows the court to draw a reasonable inference that Schiff Law Offices is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  Even if this Court finds that Ms. Shepard has plead sufficient facts the claim still must fail.

The FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading

representation or means in connection with the collection of any debt," 15 U.S.C.§1692 e, including falsely representing "the character, amount, or legal status of any debt," id. §1692 e(2)(A).  The FDCPA also prohibits debt collectors from using unfair or unconscionable means of collecting a debt. id. §1692 f.   In the present case, Schiff Law Offices attempted to recover a debt as referred to them by their client.  .  Schiff Law Office may rely upon information provided by their client who has provided accurate information to them in the past.  Moreover the FDCPA protects Schiff Law Offices from bizarre or idiosyncratic interpretations of the FDCPA.   See Wilson v. Quadramed Corp.225 F.3d 350 (3rd Cir. 2000).  Although the FDCPA, 15 U.S.C. §1692, et seq.  is intended to protect against oppressive and outrageous behavior by debt collectors,  it is not intended to address all inconveniences or embarrassment that might be the natural result of a debt collection action.  Bieber v. Associated Collection Service, Inc. 631 F. Supp. 1410 (D.Kan. 1986).  Moreover, "a creditor has a right to urge payment of a *just debt*, and to threaten to resort to *proper legal procedure* to enforce the obligation. Hence, the creditor is not liable for a mental or emotional disturbance, or for a bodily injury or illness, as a result of his mere attempt, by reasonable means, to collect." Moorhead v. J.C. Penney Co., 555 S.W.2d 713, 718 (Tenn. 1977) (emphasis added).  Legislative history indicates that Congress enacted the FDCPA to protect consumers from "improper conduct" and illegitimate collection practices "without imposing unnecessary restrictions on ethical debt collectors." S.Rep. No. 95-382, at 1 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696, 1698.

Finally, in accordance with 15 U.S.C. 1692g(a) and 940 CMR 7.00, Schiff Law Offices on or around August 3, 2011, sent Ms. Shepard a validation notice.  [See Exhibit A appended hereto].  The letter was addressed to Ms. Shepard's last known address at 572 Park Street, Stoughton, MA 02072, which is the same address that appears Shepard provided to the court when filing her motion to remove default under state court action, *Citibank (South Dakota) N.A v. Lindsey Shepard,* Stoughton District Court, Civil Action No: 1055CV1095 and Supplementary Process No: 1155SP000105. [See Doc 9-6].  This document is dated

August 1, 2012.   Under 15 USC § 1692g(b) and 940 CMR 7.00 Ms. Shepard had thirty days to dispute the

Account.   Schiff Law Offices has no record of ever receiving within the thirty day period any notice from Ms.

Shepard disputing the Account.   On or around June 12, 2012, Schiff Law Offices received from its client a

letter dated May 8, 2012, which was authored by Ms. Shepard, addressed and mailed to Midland Funding,

LLC.   [See Exhibit B].     Despite the expiration of the validation period, Schiff Law Offices treated this letter

as a request for validation and on or around June 13, 2012, sent Ms. Shepard validation of the Account.

[See Exhibit C].  In response to this letter, Ms. Shepard in a letter dated June 20, 2012 requested validation

of the debt. [See Exhibit D].  The return address for the June 20th and May 8th letters was 572 Park Street,

Stoughton, MA 02072, which is the same address Schiff Law Offices used when sending out its August 3,

2011 Demand [See Exhibits A, B and D].  Since the validation period had expired and Schiff Law Offices

already validated the debt, Schiff Law Offices did not respond to this letter.   On or around November 5,

2012, Ms. Shepard sent an additional letter addressed to Schiff Law Offices requesting validation of the

debt. [See Exhibit E]   Schiff Law Offices did respond to this letter and on or around November 12, 2012

provide Ms. Shepard with additional information in support of the Account. [See Exhibit F].  In response to

this letter, Ms. Shepard sent another letter dated December 8, 2012 requesting validation of the debt.  [See

Exhibit G] Since there was no requirement under state or federal for Schiff Law Offices to respond to the

December 8th letter, it chose not to.   This letter does not comport with the statutory requirements for a valid

demand pursuant to G.L. c. 93A.

> **Argument as to COUNT V:  M.G.L. c. 93A. [hereinafter "G.L. c. 93A"] alleging that COUNTS I-IV are automatic violation of G.L. c. 93A** .

In Count V, Ms. Shepard asserts in conclusive  fashion and without making demand upon

Schiff Law Offices as required by G.L. c. 93A that the actions of Schiff Law Offices regarding

Counts I, II, III and IV are an automatic violations of G.L. c. 93A..   Her claim is predicated upon this

Court's finding that the Schiff Law Offices violated the FDCPA, FCRA, TCPA and 940 CMR 7.00.

11

First and foremost,  Ms. Shepard did not serve Schiff Law Offices with a thirty-day demand letter, which is a jurisdictional prerequisite to filing a consumer complaint under this statute.  See <u>Thorpe v. Mut. of Omaha Ins. Co.,</u> 784 F.2d 541, 544( (1st Cir. 1993).  In order to comply with the statute a demand letter must be sent 30 days before suit is filed, which identifies the claimant, reasonably describes the unfair or deceptive acts or practices relied upon, reasonably describes all in jury suffered, be mailed and delivered to each prospective respondent and provide notice to each respondent explicitly or implicitly that a claims under G.L. c. 93A is being asserted. See G.L. c. 93A § 9(3).  In <u>Spilios v. Cohen</u>, 38 Mass.App.Ct. 338 (1995), the plaintiff was barred from bringing a Chapter 93A claim because she failed to prove that a demand letter was sent. Ms. Shepard's December 8th letter does not comport with the statutory requirements regarding a proper demand made under M.G.L. c. 93A demand letter. [See Exhibit G] As such, this claim must be dismissed.

More over two essential elements of a Chapter 93A claim are injury and causation- the challenged act or practice must have actually caused a claimant an injury in order for the conduct to be actionable.  *See* <u>Waters v. J.C. Christensen & Assocs.,</u>  2011 U.S. Dist LEXIS 41075(D.Mass. Mar. 4, 2011)("Even if the Plaintiff had provided that the letters were unfair or deceptive, he had failed his burden of proof that he has suffered any injury entitling him to recovery under Chapter 93A. In order to establish a violation of Chapter 93A, a plaintiff must demonstrate that even a per se violation caused an injury to him"), *adopted,* <u>*Waters v. J.C. Christensen & Assocs.*</u>,  2011 U.S. Dist LEXIS 41097(D.Mass. Mar. 22, 2011.)  Ms. Shepard has failed to identify in her complaint how the challenged act or practice caused any injury to her.

Because Ms. Shepard has failed to identify an unfair or deceptive act or practice in which Schiff Law Offices is or was engaged in, and has not made demand upon Schiff Law Offices in accordance with G.L. c. 93A and has not identified an injury allegedly suffered by her, the

12

complaint must be dismissed and judgment must be entered for Schiff Law Offices.   Like the

FDCPA, [Massachusetts General Law 93A] is not intended to address all inconveniences or

embarrassment that might be the natural result of a debt collection action.  Bieber v. Associated

Collection Service, Inc. 631 F. Supp. 1410 (D.Kan. 1986).

IV.          CONCLUSION

Schiff Law Offices is an honest debt collector attempting to do business in full and complete

compliance with federal and state collection laws as well as all other regulations and laws.  Based upon the

foregoing, none of Ms. Shepard's claims  have any legal or factual validity, and one or more of the claims

may be barred by the statute of limitations therefore, judgment must be entered in favor of Schiff Law

Offices.


DEFENDANT, LAW OFFICES HOWARD LEE SCHIFF PC
/S/_Karen Wisniowski_____
Karen Wisniowski  BB0#633018
Law Offices Howard Lee Schiff PC
25 Auburn Street, STE 2, BLDING 2
Auburn, MA 01501
Telephone (866)234-7606
Fax (508) 753 0260
kwisniowski@hlschiffpc.com

Dated: October 9, 2013

CERTIFICATION OF SERVICE

I state on information and believe that the court will transmit a Notice of Electronic
Filing relative to this document electronically to the persons and parties listed below as
being served electronically and that such transmittal will, pursuant to Electronic Filing
Rule 9(a), constitute service hereof on such persons and parties listed below as being
served by mail by mailing to the indicated address.

PLAINTIFF
Lindsey Shepard
15 Beechwood Road
Braintree, MA 02184

/s/Karen J Wisniowski

13

### Local Rule 7.1 Certification

I hereby certify that that a counsel for the defendant and the plaintiff have conferred and have attempted in good faith to resolve or narrow the issues in accordance with Local Rule 7.1 by sending the Plaintiff a letter and requesting that she contact me.

/s/ *Karen J. Wisniowski*
Karen J. Wisniowski