# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

LINDSEY SHEPARD

Plaintiff

V                                     Case #: 113-cv-12216-MBB

Plaza Recovery et al

Defendants

## PLAINTIFF'S RESPONSE TO DEFENDANT LUSTIG & GLASER MOTION TO DISMISS AND MEMORANDUM OF LAW

Plaintiff, Lindsey Shepard, hereby responds to Defendant Lustig & Glasers (Lustig) Motion to Dismiss Plaintiff's Complaint and Memorandum of Law, and states:

1. It is difficult to comprehend the basis for Lustig motion, which appears to have been filed in bad faith.

2. The Complaint specifies that Lustig illegally pulled Plaintiff's credit report and illegally called plaintiff telephone to collect a debt which is a violation of the Fair Credit Reporting Act, Telephone Consumer Protection Act and an automatic violation of the Massachusetts Unfair & Deceptive Trade Practices Act & the Massachusetts Debt Collection Regulation Act. The factual basis of Plaintiff's allegations against Lustig are crystal clear:

3. (#15 of complaint) Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and discovered entries by defendants Plaza, Equable, NCB, **Lustig**, NCO, Northern, Midland, Valentine and Howard that she has never authorized to be in her consumer credit report.

4. (#18 of complaint) Defendant Plaza, Equable, NCB, **Lustig**, NCO, Northern, Midland, Valentine and Howard **failed to properly validate the alleged debt.**

5. (#23 of complaint) Defendants Plaza, Equable, NCB, **Lustig**, NCO, Northern, Midland, Valentine & Howard violated the TCPA by leaving up to 40 recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cell phone.

6. (# 24 of complaint) Defendants Plaza, Equable, NCB, **Lustig**, NCO, Northern, Midland, Valentine & Howard violated the TCPA by calling Plaintiffs cell phone up to 40 times with no prior permission given by Plaintiff.

7. (#25 of complaint) Defendants Plaza, Equable, NCB, **Lustig**, NCO, Northern, Midland, Howard violated the TCPA by leaving recorded messages on plaintiff cell phone without express permission.

8. (#26 of complaint) Defendant Plaza, Equable, NCB, **Lustig**, NCO, Northern, Midland, Valentine & Howard also called Plaintiff home phone using an automatic dialer capable of storing numbers without express consent from Plaintiff.

9. (#27 of complaint) Defendant Plaza, Equable, NCB, **Lustig**, NCO, Midland, Valentine & Howard do not have, and has never had an established business relationship with Plaintiff.

10. (#29 of complaint) Defendant Plaza, Equable, NCB, **Lustig**, NCO, Northern, Midland, Valentine & Howard violated the FCRA. By violating the FCRA the defendants automatically violated the MGL 93a and Massachusetts Debt Collection Regulation Act 940 CMR 7.00.

11. (#35 of complaint) 15 USC 1681b **Permissible purposes of consumer reports** states:

(a) **In general** Subject to subsection (c) of this section, **any consumer reporting agency** may furnish a consumer report under the following circumstances and no other: (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury. (2) In accordance with the written instructions of the consumer to whom it relates. (3) To a person which it has reason to believe—(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of, the consumer; or**

12. Defendant Lustig Glaser & Wilson is not a (Exhibit 1) **consumer reporting agency they are a debt collection law firm** 15 USC 1681b clearly states that a **consumer reporting agency** may furnish a consumer report under the following circumstances and no other: (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury. (2) In accordance with the written instructions of the consumer to whom it relates. (3) To a person which it has reason to believe—(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of, the consumer; or and a consumer reporting agency is not Lustig Glaser & Wilson. They are debt collection attorneys.**

13. (#36 of Complaint) Defendants Plaza, Equable, NCB, **Lustig**, NCO, Northern, Midland, Valentine & Howard are misplaced regarding the definition of an **account** here **(2)** the term "**account**" means a **demand deposit, savings deposit, or other asset account (other than** an occasional or incidental credit balance in an open end credit plan as defined in section 1602 (i) [1] of this title), So let's see what

11. (¶35 of complaint) 15 USC 1681b Permissible purposes of consumer reports states:

(a) In general Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other: (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury. (2) In accordance with the written instructions of the consumer to whom it relates. (3) To a person which it has reason to believe—(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

12. Defendant Lustig Glaser & Wilson is not a (Exhibit 1) consumer reporting agency they are a debt collection law firm. 15 USC 1681b clearly states that a consumer reporting agency may furnish a consumer report under the following circumstances and no other: (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury. (2) In accordance with the written instructions of the consumer to whom it relates. (3) To a person which it has reason to believe—(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the

[illegible]

collection attorneys.

13. ¶36 of Complaint: Defendants Pizza, Republic, NCB, Lustig, NCO, Northern, Kitchens, Valentine & Hart are misplaced regarding the definition of an account here (2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602 (i) of this title). So let's see what

1602 (i) has to say about defining an open end credit plan **here it is** 15 U.S.C 1602(i) The terms "open end credit plan" and "open end consumer credit plan" mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. A credit plan or open end consumer credit plan which is an open end credit plan or open end consumer credit plan within the meaning of the preceding sentence is an open end credit plan or open end consumer credit plan even if credit information is verified from time to time. as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term **does not** include an account held by a financial institution pursuant to a bona fide trust agreement; Plaintiff states **"This clearly defines a Credit Card and Home equity loans"** .

14. ( #37 of Complaint) Plaintiff has suffered mere injury to her reputation and creditworthiness caused by the inquiries appearing on her credit report and Plaintiff has suffered emotional and mental distress, loss of sleep, and humiliation due to having inquires and getting denied over a negative credit rating and the stigma accompanying.

15. ( #38 of Complaint) Plaintiff has suffered damage to her credit reputation and emotional distress Plaintiff has been damage and seeks relief through the courts.

16. ( # 39 of Complaint) Plaintiff has suffered credit denials and lost of credit opportunities, Plaintiff has proof of payment of elevated interest rates, and excessive points and other fees that Plaintiff had to pay and is paying due to lowered credit rating from these inquiries.

17. If true, and Plaintiff affirmatively asserts that all of these statements are true, #39,38,37,36,35,29,27,26,26,24,23,18,15 of the complaint is inherently a clear-cut violation of the Fair Credit Reporting Act and violation of both the Telephone Consumer Practices Act, Massachusetts

Unfair and Deceptive Trade Practices Act and the Massachusetts Debt Collection Regulation Act.

18. (#5 on Defendants Motion to Dismiss) Defendant Lustig state that on or about September 22, 2010 they received a claim against Plaintiff Lindsey Shepard attached as Exhibit 2 a is a copy of plaintiffs Experian credit report with a credit pull from Lustig & Glaser.

19. (#9 from Defendants Motion to Dismiss) Miss Shepard was served with the Summons and Complaint, no answer was filed, and the court entered judgment. The execution was issued by the court on February 9, 2011

20. (#10 from Defendants Motion to Dismiss) LGW, on behalf of Citi Bank (South Dakota) continued with post judgment collection efforts from February 2011 through July 2012. All Correspondence from LGW was sent to Ms. Shepards attorney per their request 9/28/10. LGW had no contact with Ms. Shepard nor has Ms. **Shepard set forth any specific dates on which calls were allegedly made to her by LGW.**

21. (#11 from Defendants Motion to Dismiss) On July 25, 2012 Ms. Shepard contacted LGW by telephone and advised that she no longer had counsel, and would send a letter to that effect, LGW received a letter from Ms. Shepard On July 27, 2012. A copy of her letter is attached as Exhibit D. please note in the letter Ms. Shepard provide LGW with express permission to contact her through email mail and phone.

22. Defendant Lustig would like the court to believe that these violations were after the date of the express permission that was sent out by me Lindsey Sheppard on July 27, 2012 **not so** the FCRA violations occurred on September 24, 2010 and **I the Plaintiff found out about it when I pulled my credit report on May 22,2012** see exhibit 1 Experian credit report even defendant Lustig states that the FCRA 1681p "An action to enforce any liability created under this sub chapter may be brought in

any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—

> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.
>
> *LII has no control over and does not endorse any external Internet site that contains links to or references LII."* ***I the plaintiff Lindsey Shepard found out on May 22, 2012 when I pulled my consumer credit report well within the 2 years from date of discovery and 5 years* after the date on which the violation that is the basis for such liability occurs.**

23. Defendant Lustigs violation of the Telephone Consumer Practices Act (TCPA) occurred from September 24, 2010 on or about November 13, 2010 well within the four year statute of limitation of the Telephone Consumer Practices Act.

**Virtually every court has held that the general four-year statute of limitation for federal claims applies to TCPA claims under either sections 227(b) or (c).** 28 U.S.C §1658: *see Benedia v. Super Fair Cellular, Inc.,* 2007 WL 2903175 (N.D. Ill. Sept. 26, 2007); *Sznyter v. Malone,* 66 Cal. Rptr. 3d 633 (Cal Ct. App. 2007) (rejecting argument that TCPA incorporates state statute of limitation); *Zelma v. Konikow,* 879 A.2d 1185 (N.J. Super. Ct. App. Div. 2005) (absent state adoption of specific, shorter statute of limitations for TCPA claims, federal four-year limitation period applies); *Stern v. Bluestone,* 850 N.Y S.2d 90 N.Y. App. Div. 2008), rev'd on other grounds, 911 N.E.2d 844 (N.Y. 2009); *Grady v. OTC Investor's Edge,* 2003 WL 2282294 (Ohio Ct. Com. Pl. Oct. 15, 2003); *see also Worsham v. Fairfield Resorts, Inc.,* (Md. Ct. Spec. App;. Sept. 30, 2009) (slip opinion) (holding that four-year statute of limitations under 28

U.S.C. § 1658 applies to private suit in Maryland state court). *But see Edwards v. Emperor's Garden Restaurant,* 130 P.3d 1280 (Nev. 2006) (since TCPA claim can be pursued in state court only when consistent with state laws and rules, shorter state statute of limitations applies); *David L. Smith & Assoc., L.L.P. v. Advanced Placement Team, Inc.* 169 S.W.3d 816 (Tex. App. 2005) (relying on Chair King decision before its reversal); *Chair King, Inc. v. GET Mobilnet* of Houston, Inc., 135 S.W.3d 365 (Tex. App. 2004), *rev'd on other grounds,* 184 S.W.3d 707 (Tex. 2006)

24. Defendants violations of the FCRA & The TCPA is an automatic violation of the Massachusetts Unfair & Deceptive Trade Practices Act MGL 93a & the Massachusetts Debt Collection Regulation Act 940 CMR 7.00 The statute of limitations is six years for (Mass. Gen. Laws ch. 260, § 2 (2012) and Abele v. Dietz, 45 N.E.2d 970, 971 (Mass. 1942)). This is well within the period for me to file the complaint which defendant Lustig states is time barred defendant Lustig is wrong.

25. If true, and Plaintiff affirmatively asserts that both of these statements are true, #119 is inherently a clear-cut violation of the Fair Credit Reporting Act and #120 is inherently a clear-cut violation of both the Fair Debt Collection Practices Act and the Massachusetts Consumer Collection Practices Act.

26. It is not necessary in this Response to outline exactly how defendant Lustig's actions violated the law. Defendant Lustig's own motion does this quite effectively. Unfortunately this fact seemed to escape the attention of defendants Lustig attorney.

27. The Court should not tolerate an utterly frivolous motion such as this by a party who does not wish to have its illegal activities exposed.

28. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se*

Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

WHEREFORE, Plaintiff requests that the Court deny Defendants Lustig Motion to Dismiss, and if need be allow the prose to file an amended complaint to correct the errors in her complaint with the court.

Respectfully Submitted,

*Lindsey Shepard*

Lindsey Shepard

15 Beechwood Rd

Braintree, MA 02184

617-756-9638

Lindsey2Shepard@gmail.com

### CERTIFICATION AND CERTIFICATE OF SERVICE

I further certify that on November 12, 2013 a true copy of the foregoing Motion for Extensions of time in which to answer or otherwise respond to Defendants motion for failure to state a claim was mailed to the attorney of record by first-class mail, postage prepaid by Lindsey Shepard.

*Lindsey Shepard* (signature)

Lindsey Shepard

15 Beechwood Rd.

Braintree MA 02184

Lindsey2shepard@gmail.com

6177569638

Brian F Hogencamp

Lustig, Glaser & Wilson P.C.

245 Winter St

Suite 300

Waltham, MA 02451

781-449-3000

Email: BHogencamp@lgw.com

# EXHIBIT 1

## 15 U.S.C 1681b. Permissible purposes of consumer reports...

(a) In general

Subject to subsection (c) of this section, any **consumer reporting agency** may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or


TITLE 15 > CHAPTER 41 > SUBCHAPTER VI > § 1693a

Definitions

As used in this subchapter—

(2) the term **"account"** means a **demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602 (i)of this title,), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement; This seems to describe credit cards and home equity loans....don't you agree?**


TITLE 15 > CHAPTER 41 > SUBCHAPTER I > Part A > § 1602
Prev | Next § 1602. Definitions and rules of construction

15 U.S.C 1602(j) The terms "open end credit plan" and "open end consumer credit plan" mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. A credit plan or open end consumer credit plan which is an open end credit plan or open end consumer credit plan within the meaning of the preceding sentence is an

Prepared for: LINDSEY ANNE SHEPARD
Date: May 22, 2012
Report number: 1935-4943-18

LUSTIG GLASER WILSON PC   245 WINTER ST STE 300   WALTHAM MA 02451
No phone number available
Date of inquiry: Sep 24, 2010

Experian
A world of insight

0773937511