# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lindsey Shepard ) | CIVIL ACTION NO. 1:13-CV-12216 |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| Plaza Recovery, et al. ) | |
|     Defendant ) | |

## ANSWER TO COMPLAINT

Now comes the Defendant, LAW OFFICES HOWARD LEE SCHIFF, P.C., improperly named as the Law Offices of Howard Lee Schiff, P.C. (hereinafter "Schiff Law Offices" ) with its Answers and Defenses to the Plaintiff, Lindsey Shepard's (hereinafter "Plaintiff") Complaint.

## Parties

1. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

2. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

3. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

4. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

5. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

6. Schiff Law Offices admits in some instances it is a law firm that collects debts with a usual address at P.O. Box 289245 East Hartford, CT.

7. Schiff Law Offices admits that Lustig, Glaser and Wilson is a law firm that sometimes collects debts

and denies the remaining allegations.

8.  Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

9.  Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

10. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

## Jurisdiction

11. Schiff Law Offices does not dispute the court's jurisdiction.

12. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

## Facts

13. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

14. Schiff Law Offices Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

15. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

16. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

17. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and

denies these allegations as it pertains to the Schiff Law Offices.

18. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices.

19. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices.

20. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and admits that the Plaintiff never applied for an account with Schiff Law Offices and further states that Schiff Law Offices never alleged that the Plaintiff applied for an account with its entity and therefore calls upon the Plaintiff to prove the same during the course of these proceedings..

21. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices.

22. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices.

23. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices.

24. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and

denies these allegations as it pertains to the Schiff Law Offices.

25. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

26. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices.

27. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

28. Schiff Law Offices lacks sufficient information or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same at the time of trial.

29. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices.

30. Schiff Law Offices lacks sufficient information or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same at the time of trial.

31. Schiff Law Offices lacks sufficient information or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same at the time of trial.

32. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices.

33. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings and in further answering states that the FCRA count were dismissed as to Schiff Law Offices.

34. . Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices and in further answering states that the FCRA counts were dismissed as to Schiff Law Offices.

35. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices and in further answering states that the FCRA counts were dismissed as to Schiff Law Offices.

36. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices and in further answering states that the FCRA counts were dismissed as to Schiff Law Offices.

37. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices and in further answering states that the FCRA counts were dismissed as to Schiff Law Offices.

38. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices and in further answering states that the FCRA counts were dismissed as to Schiff Law Offices.

39. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices and in further answering states that the

FCRA counts were dismissed as to Schiff Law Offices.

40. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices and in further answering states that the FCRA counts were dismissed as to Schiff Law Offices.

41. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices and in further answering states that the FCRA counts were dismissed as to Schiff Law Offices.

42. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings and in further answering states that the FCRA counts were dismissed as to Schiff Law Offices.

43. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices and in further answering states that the FCRA count was dismissed as to Schiff Law Offices.

44. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices and in further answering states that the FCRA count was dismissed as to Schiff Law Offices.

45. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and

denies these allegations as it pertains to the Schiff Law Offices and in further answering states that the FCRA counts were dismissed as to Schiff Law Offices.

46. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices and in further answering states that the FCRA counts were dismissed as to Schiff Law Offices.

47. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

48. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as to all other parties and denies these allegations as it pertains to the Schiff Law Offices.

49. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

50. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

51. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

52. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

Count I and Count 2

53.-73 These counts were dismissed as to Schiff Law Offices as such; no response is required by Schiff Law Offices.

**COUNT III**
**Violations of the Telephone Communication Act 47 U.S.C. sec. 227 By Defendants Plaza, Equable,**

74. Schiff Law Offices reincorporates its answer to paragraphs 1-73 as if fully stated here.

75. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

76. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

77. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

78. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

79. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

80. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

81. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

82. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

### COUNT IV
### Violations of the Massachusetts Debt Collection Regulations Act 940 CMR 7.00

83. Schiff Law Offices reincorporates its answer to paragraphs 1-82 as if fully stated here.

84. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

85. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls

upon the Plaintiff to prove the same during the course of these proceedings.

86. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

## COUNT V
### Violation of MGL c. 93A

87. Schiff Law Offices reincorporates its answer to paragraphs 1-86 as if fully stated here.

88. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as it pertains all other parties and denies these allegations as it pertains to Schiff Law Offices.

89. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings and further states that the FCRA counts were dismissed as to Schiff Law Offices.

90. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as it pertains all other parties and denies these allegations as it pertains to Schiff Law Offices.

91. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings as it pertains all other parties and denies these allegations as it pertains to Schiff Law Offices.

92. Schiff Law Offices lack sufficient or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

## AFFIRMATIVE DEFENSE

### First Defense

The Plaintiff has failed to state a claim upon which relief may be granted and Plaintiff improperly named the Defendant in this lawsuit.

## Second Defense

Schiff Law Offices has complied with federal and state law concerning the collection of consumer debt and therefore this claim is barred.

## Third Defense

If the Plaintiff suffered any damage or injury, which Schiff Law Offices denies then the same is the result of her own act or omission.

## Fourth Defense

The Plaintiff's claim is barred by the doctrine of unclean hands.

## Fifth Defense

The Plaintiff's claims are barred by the intentional misrepresentation of the material facts regarding any collection efforts made by the Plaintiff to Schiff Law Offices and any claim that Schiff Law Offices violated the Fair Debt Collection Practice Act.

## Sixth Defense

The Plaintiff's damages, if any, where caused by the acts or omission of the Plaintiff or a third party for which Schiff Law Offices has no supervision or control over.

## Seventh Defense

Schiff Law Offices asserts that any violation, if found by this court, was not intentional and as a result of a bona fide error.

## Eighth Defense

Schiff Law Offices reserves the right to assert such other available affirmative defense that may be available pursuant to Rule 11, Rule 8(c), and 12(b) of the Federal Rules of Civil Procedure as may be revealed through disclosure and discovery in this matter.

## Ninth Defense

Schiff Law Offices asserts that Plaintiff, individually, and by and through her counsel, if they continue to prosecute or to further this litigation, or fail to immediately dismiss this lawsuit, will be in violation of 28 U.S.C. sec 1927, and will be liable for Defendant's attorney fees and costs for multiplying the proceedings in this case unreasonably and vexatiously, and in asserting claims contrary to the clear and well established law.

## Tenth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations and she has failed to properly plead her M.G.L. c. 93A claim and serve the Defendant with a 93A demand letter.

WHEREFORE, Schiff Law Offices prays:

1. That the plaintiff recover no damages, attorney's or costs;

2. That this Court make a finding that this action was brought in bad faith and for the purpose of harassment by the plaintiff's counsel entitling defendant to an award of attorney's fees reasonable in relation to the work expended and costs, as provided under 15 U.S.C. §1692k(a)(3);

3. For such other and further relief as this Court may deem just and proper.

DEFENDANT, LAW OFFICES HOWARD LEE SCHIFF PC

/S/ *Karen Wisniowski*  
Karen Wisniowski  BB0#633018  
Law Offices Howard Lee Schiff PC  
25 Southbridge Street  
Building 2, Suite 2  
Auburn, MA 01501  
Telephone (866)234-7606  
Fax (508)753-0260  
kwisniowski@hlschiffpc.com  

Dated: February 3, 2014

**CERTIFICATION OF SERVICE**

I state on information and believe that the court will transmit a Notice of Electronic Filing relative to this document electronically to the persons and parties listed below as being served electronically and that such transmittal will, pursuant to Electronic Filing Rule 9(a), constitutes service hereof on such persons and parties listed below as being served by mail by mailing to the indicated address.

**Persons Served Electronically:**

**Michael Riordan at MRiordan@Riordanlawoffices.com, attorney for Equable Ascent Financial LLC**

**Brian Hogencamp at bhogencamp@lgw.com, attorney for Lustig, Glaser and Wilson**

**Persons Served by Mail on February 4, 2014**

**Lindsey Shepard at 15 Beech Road, Braintree, MA 02184**

/s/ *Karen J. Wisniowski*
Karen J. Wisniowski