IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

**LINDSEY SHEPARD**

**Plaintiff**

V

**Plaza Recovery et al**

**Defendants**                                    Case #: 113-cv-12216-WGY

# PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PROPERLY RESPOND TO INTERROGATORIES, ADMISSIONS AND REQUESTS FOR PRODUCTION AND MEMORANDUM IN SUPPORT

Plaintiff hereby motions the Court to compel The Law Offices of Howard Lee Schiff to properly answer and serve responses to the Plaintiff's outstanding discovery requests.

A. Introduction

1. Plaintiff is Lindsey Shepard and Defendant is the Law Offices of Howard Lee Schiff P.C. (HLS).

2. Plaintiff sued Defendant for violations of the Telephone Consumer Practices Act (TCPA), Massachusetts Unfair & Deceptive Trade Practices Act MGL 93a, Massachusetts Debt Collection Regulation Act 940 CMR 7.00, and the Fair Credit Reporting Act. (FCRA).

3. On April 7, 2014 plaintiff served discovery materials including interrogatories, admissions and requests for production of documents on Defendant The Law Offices of Howard Lee Schiff via **USPS Certified Mail #7012 2210 0001 3555 6727, Return Receipt Requested.**

4. Although responses were due to be served to Plaintiff no later than May 7th, 2014 The Law Offices of Howard Lee Schiff failed to mail a hard copy of any responses to interrogatories, requests for production or admissions to plaintiff by that date.

5. Plaintiff received an email copy of the Defendants responses and objection to responses on May 7th 2014 at 4:17pm.

6. The Plaintiff emailed the Defendant on May 12th, 2014 at 3:00 pm to confer with the Defendant regarding the responses to Discovery and in good faith, asked the Defendant to properly answer the discovery that Plaintiff requested. The purpose of the email was to discuss and confer with counsel regarding the numerous deficiencies contained in the responses to discovery requests.

7. The Defendant sent a reply email on May 12, 2014 stating that the email Plaintiff sent does not constitute a meaningful discussion regarding Defendants discovery responses. And states that in good faith have attempted to resolve any issues with Plaintiff as evident in the responses.

8. In reality the responses that were emailed to Plaintiff on May 7, 2014 did the opposite. The responses were incomplete, evasive, improperly served and contained blanket claims of privilege or protection for each and every request for production.

9. Defendant's counsel also emailed a draft Protective Order and requested the Plaintiff review and advise as to her approval. The drafted order was overly broad in language and contained no specifics as to what specific information, documents or testimony Defendant expected to be deemed protected or privileged.

10. To date the Plaintiff has yet to receive via UPS the identical hard copies of the discovery responses previously sent by email.

11. The responses to Admissions, Interrogatories and Requests for Production which were sent to the Plaintiff were all signed by the Managing Partner, Christopher Moylan. The Certificate of Service signed by Mr. Moylan, sent with the responses contained a statement that the foregoing had been presented to the Plaintiff by Email.

12. Defendant failed to effect service by United States Postal Service first by not serving the Plaintiff but by using email.

13. Defendant failed to answer any discovery requests and rather contained blanket claims of protection for each and every request for production in lieu of a protective order that had never been written, agreed to, or submitted to this Court. Though the Defendant has had sufficient time to secure and submit a protective order in regard to discovery they have failed to make any effort to do so in order to timely respond to discovery within the 30 days allowed by the FRCP Thus attempting to provide themselves an excuse *to* withhold relevant information and production.

14. Defendant is consistently attempting to delay the discovery process in order to inhibit the Plaintiff's ability to obtain discoverable and usable evidence within the time afforded by the Court's discovery schedule.

15. The above actions are CLEARLY blatant and egregious attempts to delay and hinder the Plaintiff's ability to conduct a proper discovery of evidence relevant to the violations alleged in this case. The Defendant has exhibited what appears to be a staunch strategy of stonewalling the Plaintiff in an effort to evade the discovery process or delay it effectively beyond the discovery cutoff date stated in the scheduling order issued by the Court. Such actions by the Defendant if allowed to continue will further prejudice the Plaintiff in her efforts to seek crucial information and deny her due process through discovery. Plaintiff requests the assistance of the Court in finding a resolution to the many issues at hand.

### B. Argument and Brief in Support

16. The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34. FRCP 37(a)(2)(B).

17. Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case. FRCP 26(b). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

18. The Court should grant Plaintiffs motion to compel for the following reasons:

    a. The Law Offices of Howard Lee Schiff is withholding valuable information pertainent to this case. Plaintiff asserts that the answers to this discovery are essential to her establishing her claim

    b. Defendant The Law Offices of Howard Lee Schiff provided blanket claims, unanswered and evasive answers contrary to the requirements of Fed. R. Civ. P. 33(b)(2) and therefore can be compelled to answer under FRCP 37(a)(3XB

    c. Plaintiff has received no hard copies of partial responses sent by email May 7, 2014.

WHEREFORE, because plaintiff's requests are proper and because THE LAW OFFICES OF HOWARD LEE SCHIFF P.C has refused to comply, the Plaintiff requests the Court compel THE LAW OFFICES OF HOWARD LEE SCHIFF P.C to respond fully, completely, adequately and expeditiously.

DATED this 15th day of May 2014

Respectfully Submitted,

**IN THE UNITED STATES DISTRICT COURT**

FOR THE DISTRICT OF MASSACHUSETTS

LINDSEY SHEPARD

Plaintiff

V

Plaza Recovery et al

Defendants                                    Case #: 113-cv-12216-WGY

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing to Karen Wisniowski Counsel for Defendants, THE LAW OFFICES OF HOWARD LEE SCHIFF, on May 15, 2014 via United States Postal Service.

Respectfully submitted,

Lindsey Shepard Prose

15 Beechwood Rd.

Braintree MA 02184

Lindsey2Shepard@gmail.com

Karen Wisniowski

Law Offices Howard Lee Schiff PC

25 Auburn Street, STE 2, BLDING 2

Auburn, MA 01501

Telephone (866)234-7606

Fax (508) 753 0260

kwisniowski@hlschiffpc.com